## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ROCIO GALVAN and JOSEPH HAWTHORNE, individually and on behalf of the class, and PEOPLE OF THE STATE OF ILLINOIS ex rel., ROCIO GALVAN AND JOSEPH HAWTHORNE, pursuant to 225 ILCS  425/14a, | ) ) ) ) ) ) ) | Judge Leinenweber<br><br>Case No.:      11 CV 4651<br><br>Magistrate Judge Keys |
| Plaintiff, | ) ) | |
| -vs- | ) ) | |
| NCO PORTFOLIO MANAGEMENT, INC., | ) ) | |
| Defendant. | ) ) | |

## DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

NOW COMES Defendant NCO Portfolio Management, Inc. ("NCOP") by and through undersigned counsel, and in opposition to plaintiff's motion to remand, states as follows:

### I.      Procedural History

Plaintiffs originally filed this action on June 9, 2011 in the Circuit Court of Cook County.  Plaintiffs allege that NCOP violated the Illinois Collection Agency Act ("ICCA"), 225 ILCS 425/1 *et seq.* because it allegedly purchased and attempted to collect debts in Illinois without being licensed as a collection agency.

On July 11, 2011, NCOP removed the case from state court, invoking the Court's diversity jurisdiction pursuant to the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. § 1715(b) and 28 U.S.C. §1332.

On July 19, 2011, plaintiffs filed a motion to remand. Plaintiffs do not challenge that this Court has diversity jurisdiction, and acknowledge that all of the factors of CAFA jurisdiction have been satisfied. *Plaintiffs' motion, p. 3*. Specifically, there is original federal jurisdiction in this action because (1) at least one plaintiff is diverse from the defendant, (2) there is over $5,000,000 in controversy and (3) the number of members of the class is 100 or more. *Hart v. FedEx Ground Package Systems, Inc.*, 457 F. 3d 675, 679 (7th Cir. 2006). Despite the existence of original jurisdiction, plaintiffs allege that this matter should be remanded because the Court lacks "subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine." *Plaintiffs' motion, p. 1*. Plaintiff misapplies the *Rooker-Feldman* doctrine, because there are no state court judgments that are being attacked in this case.

Moreover, remand is not appropriate because this case is related to an earlier filed, and settled class action lawsuit. In the underlying case, plaintiffs seek to represent a class consisting of "(a) all individuals residing in Illinois (b) from whom NCO Portfolio collected a debt (c) between June 8, 2006 and 20 days after the filing of the complaint in this action." *Id*. There is significant overlap with the putative class in this case and an earlier class action, *Karen Caston-Palmer v. NCO Portfolio Management, Inc.*, Case No. 08 C 2818 (J. Kennelly) ("Caston-Palmer"). These cases should be handled simultaneously.

### A. *Caston-Palmer Settlement*

On May 15, 2008, Karen Caston-Palmer filed a class action lawsuit against NCO Portfolio Management, Inc. ("NCOP"), alleging violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, *et seq.*, the Illinois Collection Agency Act, 225 ILCS 425/1, *et seq.*, and the Illinois Consumer Fraud Act, 815 ILCS 505/1, *et seq.*  On October 22, 2008, Michelle D. Lodl filed a class action against NCOP, asserting class claims similar to those asserted in *Caston-Palmer*.

Like this case, both the *Caston-Palmer* and *Lodl* class actions related to the filing of collection lawsuits by NCOP, and NCOP's alleged failure to be licensed in Illinois as a collection agency.  On February 19, 2009, the Court reassigned the *Lodl* class action to the presiding judge in the *Caston-Palmer* class action, Judge Kennelly, due to the relatedness of the two matters.

On February 26, 2009, the *Caston-Palmer* and *Lodl* class actions were settled pursuant to a Class Action Settlement Agreement ("Agreement").  Per the Agreement, the following class was created: "all individuals 'NCO Portfolio Management, Inc.,' 'NCO Portfolio Management,' or any other NCO entity sued in Illinois from January 1, 2008 to January 1, 2009."

The Agreement contains the following release:

As of the Effective Date, Plaintiffs and the Settlement Class Members fully, finally, and forever settle, release, and discharge the Released Parties from the Released Claims.

The Agreement further defines "Released Claims: as follows:

"Released Claims" shall mean any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, or foreign law right of action or of any other type or form (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), from the beginning of time to the date of

this agreement which Plaintiffs or Settlement Class Members have that arise out of, or are based upon, the conduct alleged in the Caston-Palmer Lawsuit or the Lodl Lawsuit -- *including claims arising out of or relating to the filing of lawsuits by NCO in the trade name of NCO Portfolio Management, the filing of lawsuits that attached an affidavit that contained allegedly inaccurate statements concerning the identity of the owner or purchaser of the debt, the filing of lawsuits without having valid claims to the debt, the filing of lawsuits that failed to attach a copy of an assignment of the debt, the failure to have a collection agency license in Illinois, or the failure to otherwise comply in any other way with the FDCPA, ICAA, ICFA, or any other law or regulation with respect to lawsuits that NCO has filed against class members; and expressly including any claim based upon lawsuits that NCO has filed against Class Members, regardless of whether those claims are known or unknown at the time this Agreement is entered into, and regardless of any information that may be discovered in future, which Plaintiffs or Class Members have that arise out of, or are based upon, the conduct alleged in the Caston-Palmer Lawsuit or the Lodl Lawsuit.*

On July 14, 2009, Judge Kennelly granted final approval of the *Caston-Palmer* and *Lodl* class settlement and entered a Final Order and Judgment.

Plaintiff Hawthorne received notice of the class action settlement in *Caston-Palmer*, did not exclude himself or object to the settlement, and obtained the benefits of the settlement. Plaintiff Hawthorne's claims against NCOP have been released.

Plaintiff Galvan should have been included in the *Caston-Palmer* class because a lawsuit was filed against her by NCOP in 2008. However, NCOP had been erroneously advised by its collection attorneys that the lawsuit against Ms. Galvan was filed in 2007. Upon receipt of the instant case, NCOP learned, for the first time, that Ms. Galvan was actually sued by NCOP in 2008, and was properly a class member in *Caston-Palmer*.

Due to the erroneous information supplied to it, NCOP filed a motion to re-open the *Caston-Palmer* lawsuit. On August 10, 2011, Judge Kennelly granted NCOP's

motion to re-open the *Caston-Palmer* settlement to allow for the administration of the remaining claims. NCOP anticipates that plaintiff Galvan and the other 33 individuals that were mistakenly omitted from the *Caston-Palmer* settlement will be sent notice of the settlement, and will be provided an opportunity to request exclusion or object to the settlement.

A motion to reassign this case to Judge Kennelly as part of the *Caston-Palmer* settlement was filed contemporaneously with this opposition. That motion is set for hearing on August 30, 2011.

## II. Plaintiffs' Motion to Remand Should Be Denied

Plaintiffs have moved to remand this case to the Circuit Court of Cook County, Illinois because "this Court lacks original jurisdiction over this civil action because Plaintiffs seek to void all civil judgments entered in Illinois state courts in favor of Defendant with respect to the Debts." *Plaintiffs' motion, p. 3*. Plaintiffs' motion should be denied for 2 reasons:

**First**, this case in significantly related to the *Caston-Palmer* litigation and should be reassigned to Judge Kennelly for further administration of the class action settlement. Moreover, Judge Kennelly is best positioned to adjudicate the scope of the *Caston-Palmer* release as it relates to plaintiffs Hawthorne and Galvan and the putative class, which NCOP anticipates will be challenged by plaintiffs. As part of the settlement of *Caston-Palmer*, Judge Kennelly retained jurisdiction over the settlement. Judge Kennelly should be allowed to complete the case.

**Second**, *Rooker-Feldman* does not apply in this case, nor does it divest this Court of the jurisdiction that plaintiffs have admitted exists.

### A. The Administration of the Caston-Palmer Settlement Requires The Maintenance of this Case in Federal Court

As detailed above, plaintiffs' claims and the claims in *Caston-Palmer* are essentially identical – though relating to different time periods, both suits challenged NCOP's collection activities in Illinois while operating without a collection agency license. The instant case is related to and arises out of the same core of operative facts.

The *Caston-Palmer* litigation has been re-opened, and NCOP anticipates that the claims of the remaining class members will be administered in the near future. The parties in *Caston-Palmer* will be before Judge Kennelly on September 15, 2011, at which time they are to have developed a plan for the further administration of these claims.

NCO has also filed a motion to have this case reassigned with *Caston-Palmer* pursuant to Local Rule 40.4. This Court should refrain from remanding this case, at least until the motion for reassignment is decided by Judge Kennelly on August 30, 2011.

### B. *Rooker-Feldman* Does Not Apply to Plaintiffs' Claims

The *Rooker-Feldman* doctrine provides that "only the Supreme Court of the United States may set aside a state court's decision in civil litigation." *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 818 (7th Cir. 2010). In other words, *Rooker-Feldman* prohibits the filing of a claim by a "state-court loser" that seeks review of the state court's decision. *Id*.

Here, plaintiffs are not "state-court losers". Plaintiffs do not contend that NCOP obtained judgments against either in state court. In fact, plaintiffs do not allege that such a judgment was ever obtained. *See plaintiffs' complaint,* ¶ *23* (dispute between NCOP and plaintiff Galvan was resolved when Galvan decided to make monthly payments to satisfy the debt) and ¶ *27* (NCOP dismissed the lawsuit against plaintiff Hawthorne prior to judgment.). There is no "injury" that was allegedly suffered by either plaintiff in the state court proceedings that is now being challenged in federal court. *Rooker-Feldman* does not apply here because there was no state court decision that has caused plaintiffs' "injuries".

The Seventh Circuit reached the same conclusion in a substantively identical situation in *Bergquist*. There, defendants obtained an arbitration award against plaintiff, and the state court entered judgment on the award against plaintiff. That judgment was subsequently vacated, and the case was dismissed. Plaintiff then filed a class action suit alleging that defendants had obtained improper arbitration awards against the class. *Id.,* 592 F.3d 817. The class action was removed by defendants under CAFA, and the District Court remanded the case to state court, concluding that *Rooker-Feldman* prevented the federal adjudication of a claim that sought to invalidate judgments entered by state courts. *Id.*

On appeal, the Seventh Circuit reversed, concluding that *Rooker-Feldman* did not apply to plaintiff's claims because she was not "a state court-loser". *Rooker-Feldman* was not implicated in *Bergquist* because the state court dismissed the case, and the parties were restored to the same position they were in before the collection lawsuit was filed.

*Id.*, 592 F.3d 818.  Here, as in *Bergquist,* there was no binding judgment entered against plaintiff Galvan or plaintiff Hawthorne.  Simply put, neither plaintiff "lost" in state court and no state court decision is being attacked.

Moreover, the Seventh Circuit rejected the argument that *Rooker-Feldman* required remand because the state court would be required to adjudicate the claims of the class members that lost in state court.  Like in this case, plaintiff argued that remand was appropriate because she wanted those state court decisions that had been entered adverse to the class to be vacated.  The Seventh Circuit concluded that the district court did not have the authority to remand the entire case, even if portions did belong in state court. The Court stated:

> Judges must exercise the jurisdiction they have been given and may not adopt common-law rules that prefer state over federal adjudication of claims that are within the jurisdiction defined by Congress.

*Id.*, 592 F.3d at 819.

In other words, a federal court is not free to remand an entire case that properly invokes federal jurisdiction simply because parts of the case might also be properly brought in state court.  Here, plaintiffs have admitted that the jurisdictional requirements of CAFA have been satisfied.  This Court, upon reaching the same conclusion, cannot disregard the proper invocation of the Court's jurisdiction and remand the case simply because a part of the relief being sought could also be brought in state court.  Plaintiffs' motion to remand must be denied.

WHEREFORE, NCO Portfolio Management, Inc. respectfully requests that plaintiffs' motion to remand be denied.

Respectfully submitted,

/s/ James K. Schultz
Attorney for Defendant NCOP

James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
55 West Monroe St., Suite 1120
Chicago, IL 60603
Telephone: (312) 578-0990
Facsimile: (312) 578-0991
E-Mail:       jschultz@sessions-law.biz

Bryan C. Shartle
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
Lakeway Two, Suite 200
3850 North Causeway Boulevard
Metairie, LA 70002-7227
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
E-Mail:       bshartle@sessions-law.biz

Attorney for Defendant NCO Portfolio Management, Inc.

## CERTIFICATE OF SERVICE

I certify that on this 15th day of August, 2011, a copy of the foregoing

**Defendant's Memorandum In Opposition To Plaintiff's Motion To Remand** was

filed. Notice of this filing will be sent to the parties of record by operation of the ECF

system, including Plaintiff's counsel as described below.

    Keith J. Keogh
    Timothy Sostrin
    Craig Shapiro
    KEOGH LAW, LTD.
    101 N. Wacker Dr., Suite 605
    Chicago, IL 60606

                  /s/ James K. Schultz
                  Attorney for Defendant NCOP